# 1096

60 CCPA

**SWEDISH BEER EXPORT COMPANY AKTIEBOLAG, Appellant,**

v.

**CANADA DRY CORPORATION,**
Appellee.

Patent Appeal No. 8814.

United States Court of Customs
and Patent Appeals.

Dec. 7, 1972.

William R. Hinds, Arlington, Va., attorney of record, for appellant. Larson,

Taylor & Hinds, Arlington, Va., of counsel.

Mercer L. Stockell, New York City, attorney of record, for appellee. Rogers Hoge & Hills, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

ALMOND, Judge.

This appeal from the decision of the Trademark Trial and Appeal Board[1] involves the application of Canada Dry Corporation, appellee, to register "SKOLA" for a soft drink. First use was asserted to be on May 18, 1966.[2] This application was unsuccessfully opposed below by Swedish Beer Export Company Aktiebolag, appellant, based on its ownership of three registrations made up in part of "SKOL" or "SKAL" for beer.[3] Of these, the one considered most pertinent by the board was Registration No. 833,780 for "SKOL International Beer" imprinted over a map of the world.[4] We agree with the board on this aspect of the case.

■ The issue is whether or not appellee's mark SKOLA so resembles appellant's mark SKOL as to be likely to cause confusion or mistake or to deceive (15 U.S.C. § 1052(d)).

The record reveals that during the ex parte prosecution of appellant's mark SKOL for beer, its registration was initially refused in view of a prior registration of SKÖL for vodka.[5] In response to that refusal, appellant obtained from the owner of that mark, J. A. Dougherty's Sons, Inc.,[6] the following letter:

Gentlemen:

This is to inform you that this Company, the owner of United States

---

1. 165 USPQ 331 (1970).

2. Serial No. 248,017 filed June 14, 1966.

3. Registrations 833,780; 831,953, and 691,450.

4. Issued August 15, 1967 on application filed October 6, 1964.

5. Registration No. 730,902.

6. J. A. Dougherty's Sons, Inc. also opposed registration of SKOLA. That opposition was dismissed. See 165 USPQ 329 (1970).

trademark registration No. 730,902 of the mark "SKOL" for vodka, does not object to your use, in connection with the sale of beer in the United States and throughout the world, of your trademarks "SKOL International Beer (and design)" and "Skal International Beer (and design)", as shown respectively in your application Ser. No. 203,417 and Ser. No. 246,963, pending in the United States Patent Office. We hereby consent to your use of these marks and to your registration of the marks in the United States Patent Office.

The marks have been used concurrently on the respective goods for some time, and to the best of our knowledge there has not been a single instance of confusion, mistake or deception; nor do we contemplate such in the future. We see no reason why the marks should not be used concurrently, as well as concurrently registered in the United States Patent Office.

You may feel free to file this letter, or copies thereof, in the United States Patent Office in connection with your applications to register your marks.

Sincerely yours,

J. A. DOUGHERTY'S SONS, INC., DISTILLERS

Leo Vernon
Secretary

On the basis of this letter, the examiner withdrew the cited registration as a reference and subsequently passed opposer's application to registration.

After assessing the record, we are of the opinion that soft drinks and beer are goods whose differences are clearly recognized by would-be purchasers. Furthermore, there are differences in the sound and spelling of the two marks. These differences are sufficient to make unlikely confusion or mistake or deception arising from the use of these marks. In re National Distillers Products Co., 297 F.2d 941, 49 CCPA 854 (1962).

Appellant has gone to some length in its brief to point out that beer and soft drinks are frequently sold under the same trademark. However, we are not persuaded that because sellers may act on the premise that the public will ascribe a common source to beer and soft drinks sold under the same trademark, it follows that there is a likelihood of confusion when marks as different as SKOL and SKOLA are applied to those goods. If there were any doubt as to this conclusion, it would be mitigated by the letter set out above and relied upon by appellant in seeking registration of its mark SKOL. This court has said that such arrangements are "additional evidence" in that their provisions are "important circumstances" which should be "considered for their bearing upon the issue of confusion, mistake or deception of purchasers." In re National Distillers Products Co., 297 F.2d at 947, 49 CCPA at 860, 861.

■ The opinion in *National Distillers*, supra, makes it clear that the parties are presumed to be familiar with the trade and marketing practices surrounding the goods and trademarks concerned. Therefore, the acquiescence of a registrant in a concurrent use of another for a similar mark on different goods in the belief he will not be injured is evidence that there is little likelihood of confusion on the part of the public. Of course, the pertinence of such an agreement will be most often manifest in a proceeding where an applicant is refused registration over a cited registration, the owner which agrees to concurrent use. This was true in *National Distillers Products Co.*, supra.[7]

7. We have noted the qualification of the authority of In re National Distillers by In re Continental Baking Co., 390 F.2d 747, 55 CCPA 967 (1968), but do not find it controlling here. In the latter, the appellant was denied registration of COUNTY FAIR for bakery goods despite an agreement for concurrent use given by the owner of the same mark also applied to bakery goods. In affirm-

However, in our view the evidence embodied in the admission by J. A. Dougherty's Sons and relied upon by appellant to the end that there was no known instance of confusion attributed to the concurrent use of SKÖL for vodka and SKOL for beer is no less relevant here though it must be newly *weighed* in the changed circumstances. Clearly, there is at least as great a likelihood of confusion between SKÖL for vodka and SKOL for beer as would exist between SKOL for beer and SKOLA for a soft drink. In the absence of confusion in the former case where the goods are both alcoholic beverages and the marks nearly identical, we are loathe to find a likelihood of confusion in the latter where the marks are different and one beverage is nonalcoholic.

Accordingly, we affirm the decision of the board.

Affirmed.

MARKEY, Chief Judge (dissenting).

With all respect, I can give no weight whatever to the letter of consent obtained from a nonparty during a prior ex parte prosecution for registration. Although trademark users may not agree to confuse the public, consent agreements (between the *parties* in relation to *their* goods) may be "of evidentiary value," *National Distillers*, 297 F. 2d 941, 49 CCPA at 857. The majority opinion unreasonably extends that view to this case wherein privity is absent and the goods have changed.

Even if the letter must be considered, it should be noted that it relates to use of similar marks on beer and vodka, not on beer and cola drinks. The distinction is even more persuasive when one considers that the source of the letter *opposed* registration of SKOLA for cola drinks.

Nor can I agree that the slight difference between SKOL and SKOLA, when applied respectively to beer and soft drinks, is sufficient to render confusion unlikely. The goods travel common trade channels, attract the same prospective purchasers and may originate from a single source (as evidenced by registrations of record). When considered from their "commercial impressions" and "general recollection" aspects, the marks are similar in appearance and sound. Their meanings are relatively obscure and not readily apparent to the buying public. The business practice of employing families of marks is well recognized. In sum, I find it much more likely that purchasers familiar with SKOL beer would believe that SKOLA soft drinks originated from the same source, the latter mark being a clever adaptation of the former (SKOLA—the "cola" drink from the source of SKOL beer).

Accordingly, I would reverse.

60 CCPA

---

ing the Trademark Trial and Appeal Board, this court indicated that such agreements are not by themselves enough to obtain registration if there is a sufficient basis for concluding that there is a likelihood of confusion, etc. This court did *not* hold that these agreements are not evidence to be considered. Whether or not it was proper to register SKOL for beer in view of a prior registration of of SKÖL for vodka notwithstanding the agreement is of no moment here.